UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REVEREND REGINA JUNIOR SMITH,**

        **Plaintiff,**

  v.

**MICHAEL H WATSON, et al.**

        **Defendants.**

Case No. 2:17-CV-00073-ALM
**JUDGE ALGENON MARBLEY**
Magistrate Judge Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff has moved to proceed *in forma pauperis*. (Doc. 1). The Court **GRANTS** the Motion. However, because Plaintiff is proceeding *in forma pauperis*, this Court must conduct an initial screen of the Complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, "or any portion of the complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*. Applying those standards here, the undersigned **RECOMMENDS DISMISSAL**.

  **I.**    **Background**

In her incomprehensible Complaint, Plaintiff lists dozens of statutes and constitutional amendments and has named 100 Defendants.

  **II.**    **Standard of Review**

As noted above, the Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

   (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In reviewing the Complaint to determine its sufficiency, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.  Discussion

#### A.  The Complaint Is Frivolous And Fails To State A Claim

Even giving Plaintiff every benefit of the doubt, the Complaint fails to state a claim and is frivolous. It incoherently cites statutes (many of them criminal) and does not tie any of the allegations to particular Defendants. Plaintiff also seeks entirely inappropriate relief, including the death penalty for the former President of the United States, the Ohio Attorney General, and dozens of judges. Consequently, the Complaint is frivolous, fails on its face, and should be dismissed.

#### B.  Immunity

While immunity need not be considered here because the Complaint fails on its face, the undersigned notes that nearly all of the named Defendants would be immune from suit because

of presidential, judicial, or prosecutorial immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982) (presidential immunity); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutorial immunity).

### IV. Conclusion

For the reasons stated, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**, and it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous and for failing to state a claim.

**IT IS SO ORDERED.**


Date: February 3, 2017                /s/Kimbery A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE