IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REVEREND REGINA JUNIOR SMITH,** | : | |
| | : | **Case No. 2:17-cv-73** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **MICHAEL H. WASTON, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation, recommending that the Court dismiss Plaintiff's complaint. (ECF No. 3). Plaintiff objects to the Report and Recommendation. (ECF No. 5). Upon independent review by the Court, and for the reasons set forth below, Plaintiff's objections are hereby **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The complaint is hereby **DISMISSED**.

### I.     BACKGROUND

Plaintiff filed a complaint on January 23, 2017. (ECF No. 1-1). In her complaint, Plaintiff names one hundred defendants, including judges, prosecutors, and the former president of the United States. (*Id.*). The complaint appears to allege violations of almost all of the first ten amendments to the United States Constitution (all but the Third Amendment), as well as violations of federal statutes including Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963. Additionally, numerous violations of the Ohio Revised Code are listed in the complaint, alleging infractions such as discrimination of public accommodation (ORC § 4112.02), obstruction of justice (§ 2921.32), conspiracy (§ 2933.01), accessory to rape (§§ 2907.02, 5924.12), attempted murder (§ 2903.02), gross sexual imposition (§ 2907.05), wrongful

1

imprisonment (§ 2743.48), defamation of character, libel and slander (§ 2739), and menacing by

stalking (§§ 2903.211, 2903.214). Plaintiff seeks the death penalty for all defendants.

Plaintiff filed a motion to proceed in forma pauperis, which the Magistrate Judge granted.

(ECF Nos. 1, 3). Because Plaintiff was proceeding in forma pauperis, the Magistrate Judge

conducted an initial screen of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Magistrate Judge

concluded that the complaint is frivolous and fails to state a claim upon which relief may be

granted and thus recommends dismissal. (ECF No. 3). Plaintiff objected to the Report and

Recommendation on February 14, 2017. (ECF No. 5).

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court

"shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1); *see also*

Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A

party's objections "must be clear enough to enable the district court to discern those issues that

are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation

omitted).

A complaint fails to state a claim upon which relief can be granted when, accepting all

well-pleaded allegations as true, it does not contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing the

complaint, the Court is not required to accept as true mere legal conclusions unsupported by

factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, a complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

A pro se litigant's allegations are held to a less stringent standard than those in pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, however, courts are unwilling to "abrogate basic pleading essentials in pro se suits."  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases).  Indeed, courts are not required to entertain a pro se plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings."  *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).

### III.    ANALYSIS

Plaintiff first appears to argue that the Magistrate Judge erred in finding that the complaint must be dismissed because Plaintiff is proceeding without payment.  (ECF No. 5 at ¶¶ 5, 6).  The Magistrate Judge, however, made no such finding.  Rather, the Magistrate Judge stated that because plaintiff is proceeding pro se, the Court must conduct an initial screen of the Complaint.  (ECF No. 3 at 1).  This is a correct statement of the law.  *See* 28 U.S.C. § 1915(e)(2) (providing that when plaintiffs seek leave to proceed in forma pauperis, the court shall dismiss the case if it is frivolous or malicious or fails to state a claim on which relief can be granted). Plaintiff contends that 28 U.S.C. § 1915(e)(2) does not apply to her because she has never been to prison.  (ECF No. 5 at ¶ 13).  Plaintiff's contention that this section of the statute only applies to prisoners is incorrect.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 1999, 203 (2007) ("§ 1915(e)(2) is restricted  neither  to  actions  brought  by  prisoners,  nor  to  cases  involving  government

defendants."); *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) ("[W]e apply section 1915(e)'s "frivolous or malicious" standard to both prisoner and non-prisoner litigation.").

As to the merits of her complaint, Plaintiff contends that the Magistrate Judge erred in stating that the complaint was not comprehensible and that Plaintiff need not "prove her case in the complaint." (ECF No. 5 at ¶¶ 7, 16). While it is certainly true that she does not have to prove her case, Plaintiff is required to state enough facts in her complaint "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To satisfy this standard, Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff pled no factual conduct in the complaint that tied any of the named one hundred defendants to the alleged misconduct. She merely lists defendants, lists statutes that were allegedly violated, and then states that "people" are stalking her and defaming her character. (ECF Nos. 1-1, 3). There are no specific factual allegations linking any of the defendants to any harm or misconduct. Even under the liberal pleading standards afforded to pro se litigants, this is insufficient. *See Steen v. Detroit Police Dep't, 9th Precinct*, 996 F.2d 1217 (6th Cir. 1993) ("Although a pro se complaint must be held to a less stringent standard than that prepared by an attorney. . . the less stringent standard does not compel the courts to conjure up unpleaded facts to support conclusory allegations.") (internal citations omitted). Thus, the complaint fails to state a claim upon which relief can be granted.[1]

---

[1] The Magistrate Judge also found that many of the defendants would be immune from suit. (ECF No. 3 at 2-3). Plaintiff objects to this finding. (ECF No. 5 at ¶¶ 17-19). The Court need not reach the immunity issue given its holding that the complaint fails to state a claim upon which relief can be granted for each defendant.

## IV.    CONCLUSION

For these reasons, Plaintiff's Objections (ECF No. 5) are hereby **OVERRULED**.  The

Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3).  The case is

hereby **DISMISSED**.

**IT IS SO ORDERED.**


        **/s/ Algenon L. Marbley**
        **ALGENON L. MARBLEY**
        **UNITED STATES DISTRICT JUDGE**

**DATED:  April 5, 2018**